# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| DENNIS K. SCHIMPF, M.D.<br><br>　　　　Plaintiff,<br><br>vs.<br><br>ZILLOW, INC.; ZILLOW GROUP MARKETPLACE, INC.; ZILLOW HOME LOANS, LLC; ZILLOW GROUP, INC.; JOHN DOES; and RICHARD ROE CORPORATIONS,<br><br>　　　　Defendants. | Case No.  2:20-cv-00696-DCN<br><br>**NOTICE OF REMOVAL** |

　　　　Defendants Zillow, Inc., Zillow Group Marketplace, Inc., Zillow Homes Loans, LLC, and Zillow Group, Inc. (collectively, "Defendants"), through their undersigned counsel and pursuant to 28 U.S.C. §§ 1441 and 1446, file this Notice of Removal of Case No. 2020-CP-08-00030, which is pending in the Court of Common Pleas, County of Berkeley, South Carolina. In support of Defendants' Notice of Removal, Defendants state as follows:

　　　　1.　　On or about January 7, 2020, Plaintiff filed his Complaint in the Court of Common Pleas, County of Berkeley, State of South Carolina titled *Dennis K. Schimpf, M.D. v. Zillow, Inc., Zillow Group Marketplace, Inc.; Zillow Homes Loans, LLC; Zillow Group, Inc., John Does, and Richard Roe Corporations*, Case No. 2020-CP-08-00030.

　　　　2.　　In his Complaint, Plaintiff claims that on or about January 8, 2018, Defendants posted to their website Zillow.com ("Zillow Website") false information related to Plaintiff's property located at 74 Woodford Street, Daniel Island, South Carolina ("Property"). (Complaint ¶¶ 17 & 23.)

3. Defendants' counsel accepted service of Plaintiff's Summons and Complaint on January 15, 2020. Copies of the Summons and Plaintiff's Complaint are attached hereto as **Exhibit A**. Therefore, this Notice of Removal is timely filed. *See* 28 U.S.C. § 1446(b)(1).

4. This action is pending in the Court of Common Pleas, County of Berkeley, State of South Carolina, and, therefore, venue for purposes of removal is proper in this Court.[1]

## STATEMENT OF STATUTORY BASIS FOR JURISDICTION

5. This action is within the original jurisdiction of the United States District Court pursuant to 28 U.S.C. § 1332. This statute provides, in pertinent part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). As discussed below, this action satisfies both statutory requirements. This action is of a civil nature and involves a controversy wholly between citizens of different states, where the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

## CITIZENSHIP OF THE PARTIES

6. Plaintiff is a citizen and resident of the State of South Carolina. (Complaint ¶ 1.)

7. Defendant Zillow, Inc. is a corporation incorporated in the State of Washington and has its principal place of business in the State of Washington. As such, Defendant Zillow, Inc. is organized and existing in a state other than South Carolina and maintains its principal place of business in a state other than South Carolina. (Complaint ¶ 2.)

8. Defendant Zillow Group Marketplace, Inc. is a corporation incorporated in the State of Washington and has its principal place of business in the State of Washington. As such,

---

[1] Defendants would refer Plaintiff and the Court to its Answer where they set forth their affirmative defenses that venue is not proper in South Carolina based on the forum selection clause Plaintiff assented to when he created a Zillow Website account on or about December 21, 2017.

2

Defendant Zillow Group Marketplace, Inc. is organized and existing in a state other than South Carolina and maintains its principal place of business in a state other than South Carolina. (Complaint ¶ 3.)

9. Defendant Zillow Home Loans, LLC is a single member limited liability company, whose sole member is ZGM Holdco, Inc. ZGM Holdco, Inc. is incorporated in the State of Washington and has its principal place of business in the State of Washington. As such, the sole member of Defendant Zillow Home Loans, LLC, ZGM Holdco, Inc., is organized and existing in a state other than South Carolina and maintains its principal place of business in a state other than South Carolina.

10. Defendant Zillow Group, Inc. is a corporation incorporated in the State of Washington and has its principal place of business in the State of Washington. As such, Defendant Zillow Group, Inc. is organized and existing in a state other than South Carolina and maintains its principal place of business in a state other than South Carolina. (Complaint ¶ 5.)

11. In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a), the citizenship of defendants sued under fictitious names shall be disregarded. 28 U.S.C. § 1441. Thus, the John Does and Richard Roe Corporations Defendants will be disregarded in determining citizenship.

## AMOUNT IN CONTROVERSY

12. Plaintiff has asserted claims for (1) defamation, libel, and slander, and (2) negligence. Plaintiff seeks actual damages, punitive damages, and special and consequential damages. (Wherefore ¶.)

13. Plaintiff alleges that the property that is the subject-matter of Plaintiff's Complaint is listed on the open market for sale for $1,095,000. (Complaint ¶ 20.) Plaintiff's Complaint sets

forth that Plaintiff has suffered injuries and damages, including: (a) loss of clients (past, present, and future); (b) lost earnings, wages, and income (past, present, and future); (c) other lost business and economic opportunities (past, present, and future); (d) damaged reputation (social and professional); (e) mental anguish and emotional distress; (f) humiliation and anxiety; (g) loss of enjoyment of life and inconvenience; (h) other pain and suffering; (i) loss in property value; (j) out of pocket expenses and legal expenses; and (k) other damages to be shown by the evidence produced through discovery and trial. (Complaint ¶ 59.) As such, upon information and belief and based on the allegations of Plaintiff's Complaint, Defendants believe the amount in controversy for Plaintiff's claims exceeds, exclusive of interest and costs, the jurisdictional minimum of $75,000.00.

## **CONCLUSION**

14. Prompt written notice of this Notice of Removal is being sent to Plaintiff through his counsel and to the Clerk of Court for the Court of Common Pleas, County of Berkeley, State of South Carolina, as required by 28 U.S.C. § 1446(d). A copy of the Notice is attached as **Exhibit B**.

15. The undersigned has read this Notice of Removal and this Notice is signed in accordance with Fed. R. Civ. P. 11. To the best of the undersigned's knowledge, information, and belief, formed after reasonable inquiry, certifies that Defendants factual allegations have evidentiary support, and its legal contentions are warranted by existing law. The undersigned also certifies that this Notice of Removal is not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needless increase in the cost of litigation.

4

WHEREFORE, Defendants hereby remove this action from the Court of Common Pleas, County of Berkeley, State of South Carolina to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

                HAYNSWORTH SINKLER BOYD, P.A.

By: /s/ Amy F. Bower
    John H. Tiller (Fed. Bar #4890)
    Amy F. Bower (Fed. Bar #11784)
    E. Elliot Condon (Fed Bar #13102)
    134 Meeting Street, Third Floor (29401)
    P. O. Box 340
    Charleston, SC 29402-0340
    843.722.3366
    Fax:  843.722.2266
    jtiller@hsblawfirm.com
    abower@hsblawfirm.com
    econdon@hsblawfirm.com

*Attorneys for Zillow, Inc.; Zillow Group Marketplace, Inc.; Zillow Homes Loans, LLC; Zillow Group, Inc.*

February 11, 2020
Charleston, South Carolina